IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARVIS LAKEITH ALLEN, #20026547, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:20-cv-2854-X-BN |
| MARIAN BROWN, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Darvis Lakeith Allen has filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he "pleaded guilty to two counts of burglary of a building and was rearrested for the same charges on 8-2-2020 and was released [from the Dallas County jail] on 9-8-2020." Dkt. No. 3.

This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the construed 28 U.S.C. § 2241 habeas petition without prejudice to Allen's right to pursue available state court remedies.

Based on his allegations and his return address, Allen does not appear to be "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), so relief under Section 2254 is not available to him. But Section 2241 remains "'available for

challenges by a state prisoner who is not in custody pursuant to a state court judgment.' For example, prisoners 'in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction' are able to take advantage of § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)).

To the extent that Allen is a state pretrial detainee – a probability based on his allegations – he "is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, 2006 WL 2842122, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006).

First, to the extent that Allen's allegations reflect that he has been released on bond, he may satisfy the "in custody" requirement. *See, e.g., Montes v. Cornyn*, No. 4:02-cv-790-Y, 2002 WL 31495972, at *2 (N.D. Tex. Nov. 5, 2002) ("[E]ven though Montes is released on an appearance bond, because he may be obligated to appear at times and places ordered by a court, he is deemed to be 'in custody' for the purposes of § 2241." (citing *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973))).

But he must also exhaust his "available state remedies." *Ray*, 2006 WL 2842122, at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*,

816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973)); *see also Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("With respect to collateral attack on convictions in state court, the requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by a currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
>     A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Ray*, 2006 WL 2842122, at *1; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.).

Allen fails to make this showing. *See generally* Dkt. No. 3.

## Recommendation

The Court should dismiss the pending habeas action without prejudice to Petitioner Darvis Lakeith Allen's right to pursue available state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 17, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE