IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DARVIS LAKEITH ALLEN,            §
#20026547,                       §
                                 §
            Petitioner,          §
                                 §
V.                               §            No. 3:20-cv-2854-X
                                 §
MARIAN BROWN,                    §
                                 §
            Respondent.          §

**AMENDED ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE
JUDGE AND DENYING A CERTIFICATE OF APPEALABILITY**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case.  The Court received delayed notice of Petitioner's *Additional Attachments* [Doc. No. 5].  The *Additional Attachments* do not appear to be an objection to the Findings, Conclusions, and Recommendation of the U.S. Magistrate Judge.  To the extent Petitioner intended the *Additional Attachments* to be an objection, the objection is overruled.  The District Court reviewed the proposed findings, conclusions, and recommendation for plain error. Finding none, the Court ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

To the extent that a certificate of appealability is required,[1] considering the

---

[1]  *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) ("[In *Ojo*, w]e concluded that a COA was not required in the § 2241 proceeding at issue there, because § 2253 clearly does not encompass challenges to federal detention under §

1

record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation filed in this case in support of its finding that Petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[2]

But, if Petitioner elects to file a notice of appeal, he must either pay the appellate filing fee ($505.00) or move for leave to proceed *in forma pauperis* on appeal.

---

2241. Just as clearly, however, § 2253 does encompass challenges to state detention under § 2241, since "the detention complained of arises out of process issued by a State court." We hold that, assuming Stringer is a pretrial detainee, he must obtain a COA.").

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

IT IS SO ORDERED this 9th day of October 2020.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE